STATLAND HOLIDAY, INC., Plaintiff, *v.* STENDIG DEVELOPMENT CORPORATION, Defendant.

First Department, December 5, 1974.

*Thomas C. Lambert* of counsel (*Dreyer & Traub*, attorneys), for plaintiff.

*Lola S. Lea* of counsel (*Lea, Goldberg & Spellun, P. C.*, attorneys), for defendant.

*Per Curiam.* This matter has been submitted for initial determination by this court on an agreed statement of facts pursuant to CPLR 3222.

On October 26, 1971, Stendig Development Corporation (Stendig) sold its interest in certain real property located in Staten Island to Statland Holiday, Inc. (Statland).

A note and a purchase-money mortgage in the amount of $390,000 was delivered to Stendig evidencing the balance due on the purchase price. Both Statland and Stendig recognized that development of the property would take a substantial sum of money and that a lending institution would not make such a loan unless it would be recognized as the prime lien on the property. Stendig therefore agreed to make its lien subordinate to another

bank lien. The mortgage in pertinent part provided: "Upon the request of the mortgagor the mortgagee covenants and agrees that it will subordinate its lien under this mortgage to a lien of any first mortgage by a bank, trust compay or insurance company licensed to do business within the State of New York and which has been doing business within the State of New York for at least ten (10) years and/or to a lien of any other first mortgage provided that in the latter event the mortgagee hereunder shall have approved the identity of the first mortgagee and the terms of said first mortgage, which approval shall not be unreasonably withheld. * * * Upon reasonable notice by the mortgagor the mortgagee covenants and agrees that it will execute, acknowledge and deliver an instrument or instruments sufficient to effect such subordination to such mortgage and to any and all renewals, modifications, consolidations, replacements and extensions of any such mortgage provided the mortgagor simultaneously with the execution by the mortgagor of such first mortgage pays to the mortgagee hereunder the first Thirty-one thousand five hundred dollars ($31,500) of the proceeds of any such loan."

In fact, in April of 1972, Stendig agreed to subordinate its lien to a mortgage to be obtained from the Chemical Bank, which bank had agreed to make a loan of three million dollars. This transaction was completed. In 1973, however, Statland was in need of further funding and requested a second subordination for an additional one million dollars which could be obtained from the Chemical Bank on condition that the Chemical Bank receive a consolidated first mortgage in lieu of its existing first mortgage.

This request was refused by Stendig on the theory that the language used by the parties contemplated only one subordination.

Statland, however, took the position that the additional one million dollar loan was merely a modification and consolidation of the original note and mortgage lien and therefore, pursuant to the original agreement, Statland was entitled to have the purchase-money mortgage subordinated to the additional money to be loaned as well.

In order to continue with the project during the pendency of this litigation, Stendig executed the subordination requested by Statland, and Statland in turn gave Stendig a letter of credit securing payment in full of the entire mortgage in the event of a final judicial determination that Statland was not entitled to the subordination. It was further agreed that the letter of

credit would be canceled if it was judicially determined that Statland was entitled to the subordination.

We find the controlling clause in the mortgage to be ambiguous. The acquiring of additional funding cannot be a mere "modification," which term involves an alteration or change in an incidental or subordinate feature. However, a "consolidation" does contemplate additional funding and means more than a rearrangement of existing funds (Black's Law Dictionary [4th ed.]).

If the clause contemplated subordination to only one funding (as argued by Stendig), the additional term "consolidation" would be rendered meaningless. However, that very same clause provided for a payment of "the first Thirty-one thousand five hundred dollars ($31,500) of the proceeds of *any* such loan" (emphasis added).

Since use of the term "consolidation" contemplated additional funding, and therefore the possibility of more than one subordination, we must infer that the first $31,500 of the proceeds of "any such loan" (that is, first mortgage or consolidation thereof) must be paid to Stendig in consideration therefor.

We parenthetically note that, in any event, counsel for Statland conceded at oral argument that Stendig would be entitled to an additional payment of $31,500 in consideration for subordination to the new consolidated mortgage.

Accordingly, we find that Statland is entitled to judgment, with costs and disbursements, directing that Stendig execute and deliver the necessary papers to effectuate the consolidated first mortgage. We further find that Stendig is entitled to a payment of an additional $31,500 to be credited towards reduction of the indebtedness of the purchase-money mortgage. The outstanding letter of credit issued by Statland should be returned for cancellation.

Settle judgment.

NUNEZ, J. P., KUPFERMAN, MURPHY, LUPIANO and LANE, JJ., concur.

We find that Statland is entitled to judgment, with $60 costs and disbursements, directing that Stendig execute and deliver the necessary papers to effectuate the consolidated first mortgage. We further find that Stendig is entitled to a payment of an additional $31,500 to be credited towards reduction of the indebtedness of the purchase-money mortgage. The outstanding letter of credit issued by Statland should be returned for cancellation.

Settle judgment on notice.